UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) ) JURY TRIAL DEMANDED |
| SILICON MOTION TECHNOLOGY CORPORATION, JAMES CHOW, WALLACE C. KOU, STEVE CHEN, TSUNG-MING CHUNG, LIEN-CHUN LIU, YUNG-CHIEN WANG, HAN-PING D. SHIEH, KENNETH KUAN-MING LIN, and NELSON DUANN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on May 5, 2022 (the "Proposed Transaction"), pursuant to which Silicon Motion Technology Corporation ("Silicon" or the "Company") will be acquired by Maxlinear, Inc. ("Maxlinear") and Shark Merger Sub ("Merger Sub").

2. On May 5, 2022, Silicon's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Maxlinear and Merger Sub.

3. On June 16, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in

connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Silicon common stock.

9. Defendant Silicon is a Cayman Islands company and a party to the Merger Agreement. Silicon's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "SIMO."

10. Defendant James Chow is Chairman of the Board of the Company.

11. Defendant Wallace C. Kou is President, Chief Executive Officer, and a director of

the Company.

12. Defendant Steve Chen is a director of the Company.

13. Defendant Tsung-Ming Chung is a director of the Company.

14. Defendant Lien-Chun Liu is a director of the Company.

15. Defendant Yung-Chien Wang is a director of the Company.

16. Defendant Han-Ping D. Shieh is a director of the Company.

17. Defendant Kenneth Kuan-Ming Lin is a director of the Company.

18. Defendant Nelson Duann is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. Silicon supplies NAND flash controllers for solid state storage devices and also supplies SSD controllers. Silicon's controllers are widely used in storage products such as SSDs and eMMC+UFS devices, which are found in data centers, PCs, smartphones, and commercial and industrial applications.

21. On May 5, 2022, Silicon's Board caused the Company to enter into the Merger Agreement.

22. According to the press release announcing the Proposed Transaction:

MaxLinear, Inc. (NASDAQ: MXL) a leading provider of radio frequency (RF), analog and mixed-signal integrated circuits for broadband, connectivity, and infrastructure markets, and Silicon Motion (NASDAQGS: SIMO), a global leader in NAND flash controllers for solid state storage devices, announced today that they have entered into a definitive agreement under which MaxLinear will acquire Silicon Motion in a cash and stock transaction that values the combined company at $8 billion in enterprise value. In the merger, each American Depositary Share (ADS) of Silicon Motion, which represents four ordinary shares of Silicon Motion,

will receive $93.54 in cash and 0.388 shares of MaxLinear common stock, for total per ADS consideration of $114.34 (based on MaxLinear's May 4, 2022 closing price). The strategic business combination is anticipated to drive transformational scale, create a diversified technology portfolio, significantly expand the combined company's total addressable market, and create a highly profitable cash generating semiconductor leader. . . .

Transaction Structure and Terms

Under the terms of the definitive agreement, the transaction consideration will consist of $93.54 in cash and 0.388 shares of MaxLinear stock for each Silicon Motion ADS (American Depositary Share) and $23.385 in cash and 0.097 shares of MaxLinear common stock for each Silicon Motion ordinary share not represented by an ADS. Upon closing of the transaction, MaxLinear shareholders will own approximately 86% of the combined company and Silicon Motion stockholders will own approximately 14% of the combined company. Based on the closing price of MaxLinear shares on May 4, 2022, the implied value of the total transaction consideration for Silicon Motion is $3.8 billion. . . .

Advisors and Financing Sources

BMO Capital Markets Corp. is acting as exclusive financial advisor to MaxLinear, and Wilson Sonsini Goodrich & Rosati, P.C. is acting as legal advisor. Wells Fargo Bank, N.A. is providing committed debt financing for the transaction. Goldman Sachs (Asia) L.L.C. is acting as exclusive financial advisor to Silicon Motion and Latham & Watkins LLP and K&L Gates are acting as legal advisors.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

23. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Registration Statement omits material information.

25. First, the Registration Statement omits material information regarding the Company's and MaxLinear's financial projections.

26. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The Registration Statement fails to disclose MaxLinear's financial projections.

4

28.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Goldman Sachs (Asia) L.L.C. ("Goldman Sachs").

30.     With respect to Goldman Sachs' Illustrative Discounted Free Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; (iii) the net cash used in the analysis; and (iv) the fully diluted shares outstanding used in the analysis.

31.     With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the discount rate and multiples used in the analysis.

32.     With respect to Goldman Sachs' Premia Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

33.     With respect to Goldman Sachs' Selected Transactions Analysis, the Registration Statement fails to disclose: (i) the individual metrics for the transactions; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

34.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and

range of ultimate values generated by those analyses must also be fairly disclosed.

35.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

36.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Silicon

37.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Silicon is liable as the issuer of these statements.

39.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

40.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

41.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration

Statement and in other information reasonably available to stockholders.

42. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

43. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

44. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of Silicon within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Silicon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

49. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for

plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 29, 2022          **RIGRODSKY LAW, P.A.**

              By: */s/ Gina M. Serra*
                 Gina M. Serra
                 825 East Gate Boulevard, Suite 300
                 Garden City, NY 11530
                 Telephone: (516) 683-3516
                 Email: gms@rl-legal.com

                 *Attorneys for Plaintiff*